190

Douglas AYCOCK, et al., Plaintiffs,

v.

TEXAS COMMERCE BANK,
N.A., Garnishee,

Citizens Bank and Trust Company
of Baytown, Intervenor.

Civ. A. No. H–89–3600.

United States District Court,
S.D. Texas.

June 14, 1991.

John O. Brentin, Houston, Tex., for plaintiffs.

William M. Dickson, Houston, Tex., for defendant Eichelberger.

James W. Girardeau, Baytown, Tex., for defendant Hughes.

Rhett G. Campbell, Houston, Tex., for Intervenor.

## OPINION ON REHEARING

HUGHES, District Judge.

The law that the plaintiffs urge to object to the special deposit character of the proceeds is applicable only to funds that have been comingled by the debtor, not to funds that may have once been unsegregated by another creditor or a third party. V.T.C.A., Bus. & C. § 9.306(d).

Eichelberger and Hughes pledged their Houston Northwest Medical Center stock to Citizens Bank and Trust. Northwest placed the liquidating dividends earned by that stock into a Northwest account at Texas Commerce Bank with other Northwest funds. When the account was reduced to the amount of the liquidating dividends from the pledged stock, Northwest created a special because it stopped writing checks on the account.

The bank and the judgment creditors both want their interests to attach to a separate fund established by a third party with Texas Commerce Bank. The funds in the Texas Commerce Bank account were once mingled with other funds of Northwest. They were never mingled with any funds of debtors Eichelberger and Hughes. The rule that an account that has once been comingled cannot later acquire separate account status applies only to funds comingled by the debtor. It does not apply to funds comingled by a creditor or a third party.

The plaintiffs' motion for a rehearing will be denied.